Certificate of Notice    Page 1 of 4

```
                       United States Bankruptcy Court
                       Eastern District of Pennsylvania
```

In re:                                                              Case No. 19-10992-mdc
Towanda Y. Reason                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: DonnaR              Page 1 of 1            Date Rcvd: Jun 23, 2020
                             Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 25, 2020.
db             +Towanda Y. Reason,    7326 Greenhill Road,    Philadelphia, PA 19151-2219

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 25, 2020                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 23, 2020 at the address(es) listed below:
              DAVID M. OFFEN    on behalf of Debtor Towanda Y. Reason dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              PAMELA ELCHERT THURMOND    on behalf of Creditor    CITY OF PHILADELPHIA pamela.thurmond@phila.gov,
               karena.blaylock@phila.gov
              REBECCA ANN SOLARZ    on behalf of Creditor    SG Mortgage Securities Trust 2006-FRE2, Asset Backed
               Certificates, Series 2006-FRE2, U.S. Bank National Association, as Trustee
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Towanda Y. Reason <br> _Debtor_ | CHAPTER 13 |
| Specialized Loan Servicing, LLC as servicer for SG Mortgage Securities Trust 2006-FRE2, Asset Backed Certificates, Series 2006-FRE2, U.S. Bank National Association, as Trustee <br> _Movant_ <br> vs. | NO. 19-10992 MDC |
| Towanda Y. Reason <br> _Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br> _Trustee_ | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,383.57,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2020 at $803.82/month |
| Suspense Balance: | $451.25 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$1,383.57** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on June 1, 2020 and continuing through November 1, 2020 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$803.82** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$230.60 from June 2020 to October 2020 and $230.57 for November 2020** towards the arrearages on or before the last day of each month at the address below;

SPECIALIZED LOAN SERVICING, LLC
P.O. BOX 636007
LITTLETON, COLORADO 80163

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  May 27, 2020          By: /s/ Rebecca A. Solarz, Esquire
                                 Attorney for Movant

Date: June 10, 2020           /s/ David M. Offen, Esquire
                             _____
                             David M. Offen, Esquire
                             Attorney for Debtor

Date: 6/20/2020              /s/ LeeAne O. Huggins  No Objection
                             William C. Miller, Esquire
                             Chapter 13 Trustee

Approved by the Court this __23rd__ day of _____June_____, 2020. However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge